UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY E. SMITH,

                Plaintiff,

                                       Case No. 12-CV-10632
vs.                               HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [DOC. 13]
AND DENYING PLAINTIFF'S MOTION FOR LEAVE [DOC. 14]

This matter comes before the court on Magistrate Judge Binder's

recommendation that the above-captioned case be dismissed with prejudice for want of

prosecution, pursuant to Rule 41(b) Of the Federal Rules of Civil Procedure. Pursuant

to the scheduling order issued in this case, plaintiff's dispositive motion cutoff was May

30, 2012. On June 12, 2012, plaintiff filed a motion seeking an extension of the

deadline that had already passed, due to alleged "staffing issues". The motion was

granted and a new deadline of July 12, 2012 was set. On July 16, 2012, plaintiff asked

that the missed deadline be extended a second time, due to "staffing issues". The

motion was granted and August 15, 2012 was set as a new deadline for plaintiff's

dispositive motion.

On September 6, 2012, when plaintiff's counsel had not filed a motion nor sought

any further extensions, the Magistrate Judge issued a report and recommendation

concluding that plaintiff's counsel has repeatedly failed to comply with the court's

schedule and recommending that the case be dismissed with prejudice for failure to

prosecute. On September 6, 2012, after the report and recommendation was entered in the electronic court filing system, plaintiff's counsel filed a motion for leave to file his motion for summary judgment instanter. Counsel's stated reason for missing the court deadline was that he was "having difficulties with his newly hired paralegals not informing him when things are not done."

In order to qualify for an extension when the time to file has already passed, a party must satisfy the excusable neglect standard under Rule 6(b) of the Federal Rules of Civil Procedure. The court must balance five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006).

The danger of prejudice to the Commissioner and the impact on judicial proceedings due to plaintiff's neglect may not be overwhelming in this case. However, plaintiff's counsel, Mr. Daley, repeatedly flouted deadlines, sought extensions only after the deadlines had passed, and blamed his staff for his failure to abide by court-imposed dates. The court is aware that Mr. Daley has exhibited similar disregard for deadlines in other cases pending in the Eastern District of Michigan. See, Case Nos. 11-11752 (late extension requested and motion for leave to file instanter filed), 11-13881 (three extensions granted and final deadline missed, Magistrate Judge Grand expressed "serious concerns with [Daley's] failure to abide by the court-imposed deadlines"), 11-14870 (three extensions granted followed by order to show cause, Daley promised to avoid any future mishaps, two more deadlines missed, Judge Hood dismissed case),

-2-

11-15635 (two motions to extend granted, report and recommendation issued that case be dismissed for want of prosecution pending before Judge Rosen).

In light of the habitual behavior of missing deadlines exhibited by Mr. Daley, his proffered reasons laying blame on his staff are not convincing.  Clearly, the delay in this case was within the reasonable control of Mr. Daley and he has not acted in good faith in this case.  While the court is wary of punishing Mr. Daley's client for his attorney's mishandling of the case, the Supreme Court has emphasized that parties are responsible for the inaction of their attorney-agents, and has rejected arguments that penalties imposed against a client because of an attorney's failure are unjust.  Pioneer Investment Services Co. v. Brunswick Assoc., 507 U.S. 380, 397 (1993).

Accordingly,

IT IS HEREBY ORDERED that the magistrate's report and recommendation is accepted.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file memorandum in support of summary judgment or remand instanter is DENIED.

Dated:  October 1, 2012

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 1, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---